IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| LINDA KAY HOLLOWAY, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:24-cv-00355-O-BP |
| § | |
| DELIA SiFUENTES, § | |
| § | |
| Defendant. § | |

**FINDING, CONCLUSION, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On April 22, 2024, *pro se* Plaintiff Linda Kay Holloway ("Holloway") filed a complaint against Defendant Delia SiFuentes ("SiFuentes") following a failed real estate transaction involving a home purchase. ECF No. 1. SiFuentes filed an Answer and Counterclaim against Holloway on August 27, 2024. ECF No. 18. The case was referred to the undersigned pursuant to Special Order No. 3 on April 22, 2024. ECF No. 5. Because it does not appear that the Court has subject-matter jurisdiction over this case, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** Holloway's claim **without prejudice** for lack of subject-matter jurisdiction, decline to exercise supplemental jurisdiction over SiFuentes' counterclaim, and **DISMISS** the counterclaim **without prejudice**.

**I.   BACKGROUND**

Holloway sought to purchase the home that she had rented for "30+ years" from her landlord. ECF No. 21. Being unfamiliar with the process of buying a home, Holloway contacted SiFuentes, a real estate agent, to assist with the purchase but eventually asked her to "remove herself from the deal" because Holloway "did not trust her." *Id*. The landlord ultimately did not sell the home to Holloway but instead sold it to SiFuentes. *Id*. Holloway now sues SiFuentes for

breach of fiduciary duty in a real estate transaction. ECF No. 1. Holloway further alleges that SiFuentes discriminated against her because of her race and age, but she offers no facts to support these claims. *Id*. Holloway seeks $100,000 in damages for this claim. *Id*.

## II.  LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). District courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject-matter jurisdiction over a case. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("[A] federal court may raise subject matter jurisdiction *sua sponte*."). A court will not assume it has jurisdiction. Rather, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citation omitted). Likewise, "subject-matter jurisdiction cannot be created by waiver or consent." *Howery*, 243 F.3d at 919.

A federal court has subject-matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," and civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331-1332. Absent jurisdiction conferred by statute or the

Constitution, the federal district court does not have the power to adjudicate claims and must dismiss an action if subject-matter jurisdiction is lacking. *Id.*; *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). Dismissal for lack of subject-matter jurisdiction should be without prejudice because it "is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)).

Federal courts "have supplemental jurisdiction over all other claims that are so related to claims in the action within [its] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). This statute allows a court to decline to exercise supplemental jurisdiction over a state law claim in certain circumstances, including when "the district court has dismissed all claims over which it has original jurisdiction" or "in exceptional circumstances" where "there are other compelling reasons for declining jurisdiction." *Id.* at § 1367(c)(3)-(4). In determining whether to retain jurisdiction over the state law claims, the court considers the provisions of § 1367(c) as well as issues of judicial economy, convenience, fairness, and comity. *Jones v. Adam's Mark Hotel*, 840 F. Supp. 66, 69 (S.D. Tex. 1993).

**III.    ANALYSIS**

   **A.    The Court lacks subject-matter jurisdiction over Holloway's Complaint.**

Holloway's complaint does not state facts that demonstrate the Court's diversity jurisdiction because she does not allege that she and SiFuentes are citizens of different states. The Complaint lists an Arlington, Texas, address for Holloway, and it is likely that she is a Texas citizen. ECF No. 1. Although Holloway's pleadings do not provide an address for SiFuentes, SiFuentes' Answer and Counterclaim reflect an Arlington, Texas, address for her. ECF No. 18.

3

Since both Plaintiff and Defendant are citizens of Texas, there is no diversity of citizenship jurisdiction because the parties are citizens of the same state.

Holloway's Complaint also does not state facts to demonstrate the Court's federal question jurisdiction because it does not implicate any matter of federal law. Holloway's Complaint alleges a claim for breach of fiduciary duty in a real estate transaction. ECF No. 1. On August 30, 2024, the Court ordered Holloway to show cause how the Court has subject-matter jurisdiction of her claims. ECF No. 20. In her response, Holloway asserts that she was "discriminated against because of [her] race and [her] age" as a "Black African American woman." ECF No. 21. Holloway further asserts that she and her landlord had come to an agreement on the purchase of the home, but the landlord would no longer communicate with her after SiFuentes became involved in the process. *Id*. Holloway states that prior to SiFuentes' involvement, she "never had any disagreements with [the landlord] or communication issues that would warrant this behavior." *Id*. Additionally, Holloway posits that SiFuentes and the landlord "are both of Hispanic descent." *Id*.

Although Holloway does not assert a claim against SiFuentes for a violation of the Fair Housing Act, the Court will liberally construe her pleading as making such an assertion to allege a federal question. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (holding that a *pro se* plaintiff's pleadings are liberally construed.) The Fair Housing Act "generally prohibits discrimination in the sale or renting of housing." *Petty v. Portofino Council of Coowners, Inc.*, 702 F. Supp. 2d 721, 727 (S.D. Tex. 2010). Section 3604 of the Act makes it unlawful to discriminate against a person in the sale of a dwelling based on the person's "race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604. "[A] claim brought under the Act 'may be established not only by proof of discriminatory intent, but also by proof of a significant discriminatory effect.'" *Artisan/American Corp. v. City of Alvin, Tex.*, 588 F.3d 291, 295 (5th Cir. 2009).

Even if the Court liberally construes Holloway's Complaint to raise a claim under the Fair Housing Act, Holloway pleads no facts to show that SiFuentes discriminated against her in violation of the Act. Holloway states nothing that indicates that SiFuentes refused to help her because of a discriminatory intent or that the sale of the property did not occur because of a policy of SiFuentes' employer that had the effect of discriminating against Holloway. Holloway simply states that the purchase of her home did not occur because of discrimination based on race or age, but she does not provide facts to show how SiFuentes discriminated against her. Consequently, the Court cannot conclude that Holloway has stated a plausible set of facts that would show a violation of the Fair Housing Act. In the absence of a claim under the Fair Housing Act, Holloway has asserted no claims against SiFuentes for violation of any federal law. Under these circumstances, subject-matter jurisdiction is lacking under either 28 U.S.C. § 1331 or § 1332. Judge O'Connor should dismiss the Complaint without prejudice to Holloway's right to pursue her claims against SiFuentes in the appropriate state court.

**B.      The Court should decline to exercise supplemental jurisdiction over SiFuentes' Counterclaim.**

Finally, SiFuentes' counterclaim does not provide an independent basis for jurisdiction. There is no federal question jurisdiction as SiFuentes' harassment claim does not arise under federal law. Further, there is no diversity jurisdiction as both parties are citizens of Texas. When a suit contains federal law and state law claims, the district court has federal jurisdiction over the federal law claims and has discretion whether to exercise supplemental jurisdiction over the remaining state law claims. *Pennie v. Obama*, 255 F. Supp. 3d 648, 677 n.5 (N.D. Tex. 2017) (citing 28 U.S.C. § 1367). However, the Court has the discretion to decline to exercise supplemental jurisdiction when it has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Because Judge O'Connor should dismiss Holloway's Complaint, he

likewise should decline to exercise supplemental jurisdiction over SiFuentes' state law counterclaim and allow her to pursue her claims against Holloway in state court if she so chooses.

### C. The Court should dismiss Holloway's Complaint with leave to amend it.

"[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Frias v. Hernandez,* No. 3:23-CV-0550-D, 2023 WL 7311193, at *4 (N.D. Tex. Nov. 6, 2023) (quoting *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)). Because Holloway has not stated that she cannot, or is unwilling to, cure the defects that the Court has identified in her Complaint, the undersigned recommends that Judge O'Connor grant her fourteen (14) days from the date he rules on this Findings, Conclusions, and Recommendation to file an amended complaint that addresses the deficiencies in her Complaint noted above. *Frias*, 2023 WL at *4.

### IV. CONCLUSION

Accordingly, the undersigned **RECOMMENDS** that Judge O'Connor **DISMISS** Holloway's claim **without prejudice** for lack of subject-matter jurisdiction, decline to exercise supplemental jurisdiction over SiFuentes' counterclaim, and **DISMISS** the counterclaim **without prejudice**. Judge O'Connor should **GRANT** Holloway leave to file an amended complaint curing the deficiencies noted in this Findings, Conclusions, and Recommendation on or before fourteen (14) days after he rules on this Findings, Conclusions, and Recommendation or such other time as he sets.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions,

and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

    **SIGNED** on October 17, 2024.

*/s/ Hal R. Ray, Jr.*
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE